UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. 5: 12-130-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 13-7320-DCR-CJS |
| V. ) | |
| ) | |
| CLYDALE RAYLIN NANCE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 8, 2012, a federal grand jury returned an Indictment charging Defendant Clydale Raylin Nance with the following federal offenses: (1) knowingly and intentionally conspiring with others to distribute a mixture or substance containing a detectible amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); and (2) possessing firearms affecting commerce after having been convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1) (Counts 2 and 3). [Record No. 1] On December 14, 2012, Nance entered a guilty plea to Count 2 of the Indictment. [Record No. 17] The written Plea Agreement tendered to the Court[1] at the time of Nance's change-of-plea hearing contains the following factual summary:

> On March 14, 2012, in Clark County, in the Eastern District of Kentucky, the Defendant, Clydale Raylin Nance, sold a confidential informant a Smith & Wesson, model 34-1, .22 caliber revolver pistol. Prior to purchasing the pistol, the informant purchased a small quantity of cocaine from Nance in Winchester, Kentucky. During the cocaine purchase, Nance advised the confidential informant that he had a ".380" for sale and a "Smith." However, Nance told the

---

[1] This matter was reassigned to the undersigned on April 8, 2014, following the untimely passing of United States Senior District Judge Karl S. Forester. [Record No. 34]

-1-

confidential informant that the "Smith" was in a vehicle being used by his girlfriend, and that he would not be able to sell the pistol until later.

Later that day, the confidential informant placed a recorded phone call to Nance to arrange for the purchase of a firearm. During the call, the confidential informant and Nance discussed the price of the firearm, and the confidential informant told Nance that he wanted $80 worth of cocaine. After speaking with Nance, the confidential informant met Nance at the Harmon Field parking lot in Winchester. The confidential informant got into Nance's vehicle, which was being driven by Nance's brother, Corey Nance. When the confidential informant entered the vehicle, Corey Nance exited the vehicle. Once inside the vehicle, the confidential informant purchased the Smith & Wesson, model 34-1, .22 caliber revolver pistol for $100 and a quantity of cocaine for $80 from Nance. After completing the transaction, the confidential informant gave the firearm and cocaine he purchased from Nance to law enforcement personnel.

The firearm purchased by the confidential informant from Nance on March 14, 2012, was determined by ATF not [sic] have been manufactured in the Commonwealth of Kentucky, and therefore traveled in interstate commerce to be found in Nance's possession. A NCIC query determined that the firearm was stolen, and that the Clark County, Kentucky, Sheriff's Office had taken a report of the theft.

At the time he possessed the firearm, Nance had been convicted of a felony offense, that is, Trafficking in a Controlled Substance First Degree, in the Clark County Circuit Court, case number 06-cr-00142.

In addition to the firearm Nance sold the confidential informant on March 14, 2012, Nance sold the confidential informant another firearm and a small quantity of cocaine. On March 28, 2012, Nance sold the confidential informant a Cobra, modelCA-380, .380 caliber semiautomatic pistol and a small quantity of cocaine for $600. The transaction was arranged by the confidential informant placing a recorded telephone call to Nance. During the conversation, the confidential informant indicated he wanted to purchase $400 worth of cocaine and a handgun for $200. Nance instructed the confidential informant to meet him at the Harmon Field parking lot in Winchester. Shortly after speaking with Nance on the phone, the confidential informant met him at the park as arranged. The confidential informant and Nance traveled to Nance's residence in Winchester. Nance left the confidential informant in the vehicle and went inside the residence. A short time later, Nance returned to the car and sold the confidential informant the firearm and the cocaine. Nance then dropped off the confidential informant back at Harmon Field.

[Record No. 18][2]

Nance was sentenced on March 22, 2013, to a term of incarceration of 70 months, followed by a term of supervised release of three years. [Record No. 24] Nance did not file a direct appeal following entry of the Judgment. However, on November 18, 2013, he filed a series of pleadings which were construed as a motion seeking relief under 28 U.S.C. § 2255. [*See* Record Nos. 28, 29, 30 and 31.] Through these pleadings, Nance asserts that, because the United States did not establish that his crime was convicted on federal land, his conviction is invalid and must be set aside.

The United States responded to the defendant's construed motion on January 22, 2014. [Record No. 32] In its response, the United States correctly points out that, during his guilty plea and in his written Plea Agreement, Nance admitted to all elements necessary to establish a violation of 18 U.S.C. § 922(g)(1). Under this statutory provision, it is not necessary to show that the defendant possessed a firearm while located on federal land. Instead, it was only necessary to prove that: (1) Nance possessed the firearm identified in the count of conviction (i.e., Count 2); (2) the firearm was manufactured outside the Commonwealth of Kentucky and, therefore, affected commerce; and (3) Nance had sustained a felony conviction before possessing the subject firearm. Section 922(g) "was not passed to regulate conduct on federal property per se." *Davis v. United States*, 2003 WL 21056988, *2 (E.D.NY. 2003); *see also United States v. Yannott*, 42 F.3d 999, 1004 (6th Cir. 1994). "Instead [the statute] forbids the possession or

---

[2] In paragraph 8, Nance waived the right to appeal his guilty plea and conviction. Further, he waived the right to appeal his sentence unless it exceeded the high end of the guideline range as determined by the Court at the time of the sentencing hearing. Finally, Nance also waived "the right to attack collaterally the guilty plea, conviction, and sentence." [Record No. 18, p. 4]

receipt by a felon of a firearm in or affecting commerce and was thus enacted by Congress under its power to regulate commerce . . ." *Davis*, *supra* at *2. In addition to denying the relief sought, the Court will not issue a Certificate of Appealability.[3]

All of Nance's claims and arguments are without merit. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Clydale Raylin Nance's construed motion to vacate, set aside or correct the Judgment entered March 22, 2014 [Record Nos. 28, 29 and 30] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability shall not issue.

This 21st day of April, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[3] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Nance has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.